IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUSTIN GARRETT                                                                                        PLAINTIFF

        v.                  Civil No. 5:22-cv-05180-TLB-MEF

DEPUTY CARTER;
DEPUTY PALEEN GEORGE;
DEPUTY CRAIG; DEPUTY WILKINS;
and JOHN OR JANE DOE MEDICAL STAFF                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Plaintiff is incarcerated in the Benton County Detention Center.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an Order of the Court.

### I. DISCUSSION

The Complaint (ECF No. 1) was initially filed in the Eastern District of Arkansas and transferred to this Court by Order (ECF No. 2) entered September 2, 2022. Plaintiff had not submitted an *in forma pauperis* ("IFP") application in the Eastern District of Arkansas. An Order (ECF No. 4) was entered directing Plaintiff to file an Amended Complaint and an IFP application. The documents were due by September 23, 2022.

Plaintiff failed to file either the Amended Complaint or the IFP application. On October 6, 2022, a Show Cause Order (ECF No. 5) was entered. Plaintiff was given until October 27,

2022, to show cause why the case should not be dismissed based on his failure to obey the Order of the Court. Plaintiff did not respond to the Show Cause Order but did file an Amended Complaint (ECF No. 6). No IFP application was filed. On November 4, 2022, an Order (ECF No. 8) was entered giving Plaintiff until November 21, 2022, to submit his IFP application or pay the $402 filing fee. Plaintiff was advised that "[f]ailure to comply with this Order shall result in the dismissal of this case without further notice of the Court."

To date, Plaintiff has not filed an IFP application or paid the filing fee. Plaintiff has not sought an extension of time to comply with the Order. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply

with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3